DOMENGEAUX, Chief Judge.
Defendant, Joyce Holmes, was charged with five counts of distribution of cocaine, violations of La.R.S. 40:967(A)(1). One count was dismissed by the State and another count was severed. After a jury trial, defendant was found guilty as charged on the remaining three counts. Defendant was sentenced to serve ten years at hard labor on each count, the sentences to be served concurrently.
FACTS
The record reflects that on September 21, 1989, Travis Prudhomme, an undercover agent with the Vernon Parish Task Force, arrived at the Africana Club in Lees-ville to attempt to purchase illegal drugs. A confidential informant introduced Prud-homme to the defendant, who sold Prud-homme a $40.00 rock of cocaine. On October 3, 1989, Prudhomme and the same confidential informant returned to the same area where they once again saw the defendant, who flagged them down. Prud-homme purchased one $40.00 rock of cocaine from her at that time and returned later to purchase another rock. The rocks were later tested at a crime laboratory and the presence of cocaine was verified.
At trial, the defendant testified that she did not sell drugs on any of the three occasions testified to by Prudhomme. She denied ever giving Prudhomme anything and stated that she never had any cocaine in her possession. For purposes of appeal, defendant filed the following assignments of error, which we quote from the record:
1. The trial court erred when it overruled defendant’s challenge for cause of a juror, which resulted in the defendant having to exercise either a peremptory challenge or having that juror remain seated on the jury.
2. The trial court erred when it allowed, over the objection of defendant’s counsel, the State of Louisiana, through the Office of District Attorney, to peremptorily challenge a juror under the Batson decision. The defendant was denied her right to confront and cross-examine her *252 accusers by the State’s failure to disclose the identity of the confidential informant and eyewitness to the alleged distribution of controlled dangerous substances.
3. The trial court erred in allowing into evidence the results of drug analysis when no regulations for machine, inspection and/or certification have been promulgated by authority of law.
4. The trial court erred in imposing an excessive sentence on the defendant.
5. Any and all errors which appear patent on the face of the record of these proceedings.
Assignments of error numbers one and three, and the second part of number two, are not briefed and are therefore considered abandoned.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant alleges the trial court erred when it allowed the State to exercise a peremptory challenge on a juror based solely on race. The record reflects the potential juror had known the defendant for several years as an acquaintance and frequents the night club where the drug transactions at issue herein were made. The State noted the night club is known as a “haven for cocaine trafficking” and exercised a peremptory challenge.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that violation of the Equal Protection Clause of the Fourteenth Amendment occurs when a prosecutor, in a case against a member of a cognizable racial group, exercises peremptory challenges to remove members of the defendant’s race from the jury venire for a discriminatory purpose. This rule of law has been codified by the Louisiana Legislature at La.C.Cr.P. art. 795(B) which forbids the State to exercise a peremptory challenge based solely upon the race of the juror.
Defendant has not established that the State exercised its peremptory challenges to remove other members of her race from the jury. She merely asserts that at the time the peremptory challenge of which she complains was exercised, no black juror had been selected. Furthermore, defendant has not established that the facts infer the State used its challenge to exclude the potential juror solely because of her race.
In State v. Stanfield, 562 So.2d 969 (La. App. 3d Cir.1990), writ denied, 567 So.2d 609 (La.1990), a black venire member was challenged by the State because she worked at an establishment that was the site of many narcotic transactions. The State argued this potential juror’s contacts and relationships with those who frequented the establishment made her unacceptable for jury service in a criminal case. This Court found the State’s explanation for challenging the potential juror offered a legitimate, non-racial basis as to why the State did not want her seated.
In State v. Brown, 551 So.2d 828 (La.App. 3d Cir.1989), one potential black juror was challenged peremptorily by the State because she was from Crowley, where the defendant was arrested, and because she knew the defendant. Although she did not socialize with the defendant, she often socialized with the defendant’s aunt. This Court found the apparent reason for challenging this juror was “not on account of [her] race, but in order to obtain an impartial jury.” 551 So.2d at 831.
The defendant did not prove that the State exercised its peremptory challenge of this potential juror in an effort to exclude blacks from the jury. Therefore, the trial court did not err in allowing the State to exercise a peremptory challenge in this instance.
ASSIGNMENT OF ERROR NO. 4
By this assignment of error, defendant alleges the trial court erred in imposing an excessive sentence. The trial judge is given wide discretion in imposing sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion.
The statutory sentencing range for distribution of cocaine, a violation of La.R.S. 40:967(A), is imprisonment at hard labor for not less than five years nor more than thirty years. In addition, a defendant may *253 be sentenced to pay a fine of not more than $15,000.00. In the instant case, defendant was sentenced to ten years at hard labor on each count, the sentences to run concurrently.
At the sentencing hearing, the trial judge discussed the presentence investigation report and noted that defendant appreciated the wrongfulness and unlawfulness of her conduct. On 23 separate occasions, defendant has been cited or arrested and charged with various offenses. She has been fined or has forfeited bonds on 12 occasions for thefts; five of the thefts occurred during the period of her probation on a shoplifting conviction. Defendant has never been married and is the mother of three children. As far as the trial judge could tell, defendant has never been gainfully employed for any substantial period of time. Defendant admitted the occasional use of alcohol but denied any use of illegal drugs. In considering the period of time over which these drug offenses occurred, the number of sales involved, and defendant’s prior criminal record, the judge was of the opinion that probationary treatment was not a consideration.
Considering the nature of the crime, and defendant’s background and criminal history, albeit misdemeanor convictions, the sentence of concurrent 10 year terms for each count of distribution of cocaine is not grossly disproportionate to the severity of the crime as to shock one’s sense of justice. We therefore affirm the sentence imposed.
ASSIGNMENT OF ERROR NO. 5
Our review of the record reveals no errors patent.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.